COURT OF APPEALS
DECISION
DATED AND FILED

July 9, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1366**

Cir. Ct. No. **2012FA154**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

IN RE THE MARRIAGE OF:

MARY L. FABIAN,

    PETITIONER-APPELLANT,

  V.

ANDREW T. FABIAN,

    RESPONDENT-RESPONDENT.

        APPEAL from an order of the circuit court for Sauk County: MICHAEL P. SCRENOCK, Judge. *Affirmed.*

        Before Blanchard, Graham, and Nashold, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Mary Grogan appeals a circuit court order that denied Grogan's motion to modify child placement.[1]  Grogan contends that the court erred by denying the motion on the ground that Grogan failed to show a substantial change in circumstances.  Specifically, Grogan asserts that:  (1) there was a disputed issue of fact as to whether Grogan had altered her conduct since the last hearing; and (2) the circuit court failed to specifically address the other factual allegations that Grogan made in support of the motion.  For the reasons set forth in this opinion, we conclude that the circuit court properly denied the motion to modify placement and accordingly we affirm.

¶2     Andrew Fabian and Grogan were divorced in April 2014.  The divorce judgment awarded equal periods of placement for the parties' four children, A.F., B.F., M.F., and J.F.  In July and August 2015, the parties filed cross-motions to modify child placement, each seeking primary placement of the children.  The parties stipulated that Grogan's move 100 miles away was a substantial change in circumstances that rendered the equal placement untenable, but disputed which parent should have primary physical placement.  The court found, based on testimony and evidence presented at a February 2016 hearing, that Grogan's conduct was causing a deterioration in Fabian's relationship with M.F. and that M.F.'s placement with Grogan was detrimental to M.F.'s physical and emotional health.  Accordingly, the court entered an order on February 18, 2016, that awarded primary placement to Fabian with periods of placement with Grogan.

---

[1]  Grogan's name appears in the caption of this appeal as "Mary L. Fabian," but she refers to herself as "Grogan," and we follow suit.

¶3 In August 2018, Grogan again moved to modify placement, arguing that there had been a substantial change in circumstances since the prior order. The circuit court held a hearing and heard arguments from the parties. The court determined that the facts alleged by Grogan did not establish a substantial change in circumstances. The court denied the motion without taking any evidence, but assuming in Grogan's favor all of her allegations of fact. Grogan appeals.

¶4 Under WIS. STAT. § 767.451(1)(b) (2017-18),[2] a court may modify child placement if there has been a substantial change of circumstances since the entry of the last order and modification would be in the child's best interest. The first step in the circuit court's review of a motion to modify placement is whether the moving party has shown a substantial change of circumstances since the entry of the last order. *Shulka v. Sikraji*, 2014 WI App 113, ¶24, 358 Wis. 2d 639, 856 N.W.2d 617. "A substantial change of circumstances 'requires that the facts on which the prior order was based differ from the present facts, and the difference is enough to justify the court's considering whether to modify the order.'" *Id.* (quoted source omitted).

¶5 The circuit court does not move to the second step of considering whether modification would be in the child's best interest unless the court first determines that there has been a substantial change in circumstances. *Id.* Here, the circuit court determined that Grogan's motion did not allege facts that showed a substantial change in circumstances, and therefore did not move on to the best interests inquiry.

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

3

¶6 "Whether a party seeking to modify an existing physical placement order has established a substantial change in circumstances is a matter of law we review de novo." *Id.*, ¶25. However, we give weight to the court's substantial change in circumstances decision "'because the determination is heavily dependent upon an interpretation and analysis of underlying facts.'" *Id.* (quoted source omitted).

¶7 Grogan argues that the circuit court erred by denying her motion to modify child placement.[3] She contends that her motion alleged the following facts that established a substantial change in circumstances: (1) an improvement in M.F.'s relationship with Fabian; (2) Fabian's new employment schedule outside of the home and romantic relationship with a woman who lives some distance away, hindering his ability to supervise the children and attend to their medical needs; (3) B.F.'s recent behavioral issues, including use of alcohol and drugs and viewing pornography; and (4) M.F.'s desire to attend high school near Grogan's residence. Grogan contends that the court erred by denying her motion to modify placement without an evidentiary hearing because, she asserts, there is a disputed issue of fact as to whether she has changed her behavior since the last hearing. In support,

---

[3] Fabian moved to dismiss Grogan's motion to modify placement. The circuit court stated that it would treat the motion as one for summary judgment because the parties had submitted evidence. The court then granted summary judgment to Fabian and denied Grogan's motion on the ground that the allegations in Grogan's motion did not set forth a substantial change in circumstances. On appeal, the parties do not address whether summary judgment could be a proper mechanism for resolving a motion to modify placement. *See*, *e.g.*, WIS. STAT. § 802.08(1) (summary judgment available on any claim, counterclaim, cross claim or third-party claim). Because we conclude that the allegations in Grogan's motion did not show a substantial change in circumstances, even assuming all of her allegations of fact are true, and that the circuit court properly denied the motion without holding an evidentiary hearing on that basis, we do not need to, and do not, reach the issue whether summary judgment could be a proper mechanism for resolving a motion to modify placement.

4

Grogan asserts that the improved relationship between M.F. and Fabian strongly suggests the inference that Grogan has altered the behavior that the court found had been causing the deterioration in the relationship between Fabian and M.F. She also contends that the court erred by failing to specifically address Grogan's other allegations that Grogan argued established a substantial change in circumstances. We disagree.

¶8     To begin, we reject Grogan's contention that there was a dispute as to whether Grogan had changed the conduct that the court had found was causing a deterioration in M.F.'s relationship with Fabian. At the hearing on Grogan's motion to modify placement, Grogan expressly conceded that she was not alleging any change in her own behavior since the last placement hearing as a substantial change in circumstances. Moreover, Grogan does not point to any facts in her motion alleging a change in her behavior. Rather, she argues that the improvement in the Fabian-M.F. relationship strongly supports an inference that Grogan's behavior has changed. However, we are not persuaded that the improvement in M.F.'s relationship with Fabian amounts to an allegation that Grogan has altered her conduct. Accordingly, the circuit court did not err by determining that Grogan did not allege any change in her own conduct since the prior placement hearing.

¶9     Next, we are not persuaded that the circuit court erred by failing to specifically address each of the factual allegations in Grogan's motion to modify placement. At the hearing on Grogan's motion to modify placement, the circuit court confirmed with Grogan that she was making the following allegations of fact and presenting them as support for a substantial change in circumstances: (1) an improved relationship between M.F. and Fabian; (2) Fabian's change in employment from working at home to working outside of the home, and his

relationship with a woman who lived some distance from his residence, so that he had less time at home to supervise the children; (3) M.F.'s admission into an academically prestigious high school near Grogan; and (4) B.F.s citation for underage drinking and Fabian's allegedly complicit parenting regarding B.F.'s year-long experimentation with alcohol, marijuana, vaping, and on-line dating.[4] The court allowed Grogan the opportunity to argue why she believed each of those facts showed a substantial change in circumstances. The court then explained that it would accept Grogan's allegations as true on any point that appeared to represent a factual dispute between the parties. On that basis, the court determined that Grogan had not alleged facts that showed a substantial change in circumstances. That is, after confirming with Grogan the specific allegations that she asserted showed a substantial change in circumstances, the court determined that those allegations were insufficient to meet the first step of the court's analysis under WIS. STAT. § 767.451(1)(b).

---

[4] Grogan also alleged in the circuit court that Fabian's financial situation had gotten worse and that M.F. and J.F. preferred primary school week placement with Grogan. While Grogan now alleges facts related to Fabian's finances in her Statement of the Case, she does not develop any argument related to those allegations in the argument section of her brief on appeal. Additionally, while Grogan asserts on appeal that M.F. wishes to attend high school near Grogan, she develops no other argument on appeal related to her claim that M.F. and J.F. desire weekday placement with her. We therefore do not address those specific allegations further. To the extent that Grogan alleged other facts in her motion to modify placement but has not developed any argument based on those facts on appeal, we deem any argument based on those facts abandoned.

Separately, we note that, at the April 11, 2019 hearing on Grogan's motion to modify placement, the parties agreed that B.F. had already turned eighteen and that the court therefore did not have authority to modify placement as to her. On appeal, Grogan acknowledges that a decision by this court will not affect B.F., but argues that Grogan's contentions as to Fabian's parenting of B.F. establish a substantial change in circumstances warranting a change in placement as to the other children.

¶10 We agree with the circuit court that Grogan failed to show a substantial change in circumstances, even assuming all of her allegations to be true. As noted above, Grogan conceded in the circuit court that she was not alleging any alteration in her behavior that the court had determined was causing a deterioration in M.F.'s relationship with Fabian, and which the court explained was the reason it awarded primary placement to Fabian in February 2016. We conclude that, in light of the undisputed fact that Grogan did not allege any change in her behavior that was the basis for the court's prior order, the changes Grogan alleged as to M.F.'s relationship with Fabian, Fabian's time outside the home, and the children's behavior and school preferences were not "'enough to justify the court's considering whether to modify the order.'" *Shulka*, 358 Wis. 2d 639, ¶24 (quoted source omitted). Accordingly, the court properly denied the motion to modify placement on the ground that Grogan failed to meet her burden under the first step of WIS. STAT. § 767.451(1)(b) to show a substantial change in circumstances.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.